UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:22-cv-2153 |
| | : | |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| OHIO D.R.C., ET AL., | : | |
| | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Christopher Foster, an Ohio prisoner proceeding without the assistance of counsel, submitted a "Motion to File I.F.P. Status" on May 5, 2022, instituting this case. (Doc. 1, PageID 11). He did not file a complaint at that time, and did not pay the filing fee. In his motion, Foster raised various issues concerning his imprisonment and asserted that he was in imminent danger of harm. (Doc. 1). He explained that on April 19, 2022, he felt a bullet that had been lodged for years in his body, near his heart, begin to move. (*Id.*, PageID 6). He cut his skin open and removed part of the bullet. (*Id.*, PageID 7). He then sought attention from medical staff, who cleaned and "patch[]ed it up," and told him he would be "put . . . through surgery." (*Id.*, PageID 8-9). Foster alleged that the nurse practitioner assisting him did not treat the pain caused by this incident or by his chronic pain disease. (*Id.*, PageID 9). The motion did not address in any detail Foster's financial status.

As a prisoner, Foster is subject to the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(h). Under the PLRA, a prisoner seeking to bring a civil action without prepayment of fees or security—to proceed *in forma pauperis*—must submit an

application and affidavit to proceed without prepayment of fees and a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). Accordingly, on June 10, 2022, this Court ordered Foster to submit a complaint within thirty (30) days, accompanied by either the required $402 filing fee or a properly supported application to proceed *in forma pauperis*. (Doc. 2). The Court thereafter granted Foster's motion for an extension of time to comply with this order, to August 15, 2022.

Foster submitted a formal application to proceed *in forma pauperis* on June 21, 2022. (Doc. 4). Therein, he acknowledged that he had, "on three or more prior occasions, while incarcerated or detained in any prison, jail or other facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted[.]" (Doc. 4, PageID 23). As this statement suggests, the PLRA prohibits a prisoner from proceeding with a civil action without prepayment of fees under these circumstances, with one exception: where the "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This part of the PLRA "has become known as the 'three-strikes provision,' with each 'strike' representing a dismissal of an action or appeal." *Alford v. Chambers-Smith*, No. 2:20-cv-3879, 2021 WL 164259, at *2 (S.D. Ohio Jan. 19, 2021) (citing *In re Alea*, 286 F.3d 378 (6th Cir. 2002)). This Court has previously recognized that Foster has accumulated at least three "strikes."[1] *See Foster v. O.D.R.C.*, No. 2:19-cv-1576, 2019 WL 5747036, at *2 (S.D. Ohio Oct.

---

[1] Foster has filed many cases in this Court and other courts, some of which are listed in *Foster v. Perry*, No. 1:18-cv-247, 2018 WL 7572334, at *1, n.1 (S.D. Ohio May 10, 2018), *report and recommendation adopted sub nom. Foster v. Ohio Dep't of Rehab. & Corr.*, 2019 WL 1115856 (S.D. Ohio Mar. 11, 2019). In at least one case, this Court has barred Foster from further filing, because his filings were "repetitious, frivolous, and vexatious." *See, e.g., Foster v. Ohio*, No. 1:16-cv-920, 2019 WL 1472093, at *1 (S.D. Ohio Apr. 3, 2019). In addition, Foster was declared a vexatious litigator in Ohio in 2017. *See* Vexatious Litigators Under R.C. 2323.52, Supreme Court of Ohio, available at https://www.supremecourt.ohio.gov/Clerk/vexatious/ (accessed September 22, 2022).

8, 2019), *report and recommendation adopted sub nom. Foster v. Ohio Dept of Rehab. & Corr.*, 2019 WL 5725377 (S.D. Ohio Nov. 5, 2019). *See also Foster v. Ohio*, No. 3:15-cv-2256, 2016 WL 537475, at *2 (N.D. Ohio Feb. 11, 2016).

As noted, under the PLRA's three strikes provision, Foster cannot proceed *in forma pauperis* unless he shows he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Otherwise, he must pay the entire filing fee at the outset of the case. Whether a plaintiff is in imminent danger requires the Court to examine the complaint, as the "danger must be fairly traceable to a violation of law alleged in the complaint." *Pointer v. Marc*, 2011 WL 847012, at *2 (S.D. Ohio Mar. 8, 2011) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "In other words, the existence of a threat of injury can be used to excuse the payment of the filing fee only for a complaint that relates to the same injury, and not to some separate or unrelated occurrence." *Pointer*, 2011 WL 847012, at *2.

"Assertions of past danger will not satisfy the 'imminent danger' exception." *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) (quoting *Pointer v. Wilkinson*, 502 F.3d 369, 371 n. 1 (6th Cir. 2007)). A plaintiff seeking to invoke the imminent danger exception must allege *particular facts showing immediate or impending serious physical injury* in existence at the time he commenced the action. *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (holding that, for a plaintiff to meet the imminent danger exception, the threat of serious physical injury "must be real and proximate."). "[T]he allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Vandiver v. Vasbinder*, 416 F. App'x 560, 585 (6th Cir. 2011). "To that end, 'district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly

incredible).'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner*, 290 F. App'x. at 798). *See also Taylor v. First Med. Mgmt.*, 508 F. App'x. 488, 492 (6th Cir. 2012) ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

## Foster's Filings

Foster has filed a number of documents in addition to those mentioned above, many of which are challenging to understand. On June 29, 2022, Foster submitted a document entitled "Class Action Imminent Danger Case," in which he asserted that he "cannot continue or complete this Complaint until I first attain a preliminary injunction." (Doc. 6, PageID 37). This filing appears on the docket as a Motion for Preliminary Injunction. (Doc. 6). Attached to the two-page document is a letter to the Clerk and a separate document captioned "Communicating About Disability" which appears to have been filed to show that Foster has a record of disabilities and is an individual with disabilities. (Doc. 6-1, PageID 43-44).

Foster submitted "Exhibits for the Complaint" sometime thereafter, although no formal complaint yet appeared on the docket. (Doc. 7). He says that the Exhibits show imminent danger. (*Id.*, PageID 46). The exhibits reflect mental health diagnoses, a new legal mail policy of the Ohio Department of Rehabilitation and Corrections (ODRC), a document entitled "Inmate Reasonable Accommodation Request[,] ADA Coordinator's Action," and a bill or receipt for medical services related to his "self surgery issue." (Doc. 7).

On July 26, 2022, Foster submitted a document labelled both "Civil Complaint" and "This is the Amended Complaint." (Doc. 8). He suggests in this filing that Doc. 6, the putative preliminary injunction motion, was his Second Complaint, and that this (Doc. 8) is his Third Complaint. (Doc. 8, PageID 57; *see also* Doc. 9 (asserting that Doc. 6 was not a motion)).

4

Foster argues therein that the barrier to his access to participation in this case must be removed. (Doc. 8, PageID 57). Although it is not entirely clear, Foster appears to argue that the State's handling of his legal mail, an "increase of mental disabilities caused by the State's increased attack against my seeking enforcement," and reduced mental health services, are to blame for the missing complaint(s). (Doc. 8, PageID 57-58). Foster says he will "resume the Complaint process once I get access to Court by injunction on an preliminary interlocutory basis." (Doc. 8, PageID 59). With respect to his claim of imminent danger, Foster refers back to his initial filing (Doc. 1), saying that this Court is already aware of it. (Doc. 8, PageID 57).

Foster later filed a Notice, indicating that he is in "additional imminent danger" after a July 25, 2022 incident where "officers retaliated on" him. (Doc. 11, PageID 66). No details are given about this incident.

Foster filed a "Supplement to Doc. #8"—the apparent complaint or amended complaint—demanding a preliminary injunction and declaration. (Doc. 12). Foster asserts that his "ongoing imminent danger issue is the result of continuing retaliation or interference with my participation," presumably in this lawsuit. (Doc. 12, PageID 68). He references his attempt to remove the bullet (*id*., PageID 80) and the July 25 retaliation, asserting that he "was attacked," presumably by corrections officers, with the purpose of provoking him, and then "put in the hole." (Doc, 12, PageID 81).

Foster has also filed, among other things, a "Request to Proceed while Black" (Doc. 5); an "Inmate Affidavit About Federal Funds" discussing federal funding and the Department of Justice's investigations (or lack thereof) (Doc. 13); a "Permit to Seek Rule 65 Means" asking to submit two requests for preliminary injunctive relief (Doc. 10); and a "Motion for Expediting Rule 65" that appears to argue that his preliminary injunction should not be delayed (Doc. 14).

**Application to Proceed *In Forma Pauperis***

Upon review of all of these documents, the Undersigned concludes that Foster's application(s) to proceed *in forma pauperis* (Doc. 1, 4) should be denied, as he has not established that he is in imminent danger of serious physical injury on the basis of the claims in the complaint.

The Undersigned first **CONSTRUES** Docket Nos. 6, 7, 8, and 12 together as Foster's Combined Complaint, and **DIRECTS** the Clerk of Court to file it separately on the docket.[2] The Combined Complaint is not entirely comprehensible. Read generously, it appears to seek to raise: (1) a claim under the Americans with Disabilities Act (ADA) and/or the Rehabilitation Act, although not enough facts are provided to ascertain the scope of the claim;[3] (2) a claim that the ODRC's legal mail policy violates the law;[4] (3) an Eighth Amendment claim for deliberate indifference to a serious medical need;[5] (4) a retaliation claim;[6] and (5) a claim of denial of access to the courts.[7]

None of these claims show that Foster was in imminent danger of serious physical injury when this matter began. The vague statements about the ODRC's legal mail policy and the

---

[2] The Undersigned permits Foster to amend and/or supplement his original complaint under Fed. R. Civ. P. 15. Further amendments or supplements will require leave of court.

[3] (*See, e.g.*, Doc. 6, PageID 37; Doc. 6-1, PageID 41, 43-44; Doc. 7, PageID 51-52; Doc. 8, PageID 56, 68; Doc. 12, PageID 68-78).

[4] (*See e.g.*, Doc. 7, PageID 46, 49-50; Doc. 8, PageID 57; Doc. 12, PageID 81).

[5] (*See, e.g.*, Doc. 7, PageID 48 (mental health diagnosis); Doc. 7, PageID 53-54 (fee for medical care); Doc. 8, PageID 58 (removed from mental health caseload, and bullet wound issue); Doc. 12, PageID 79 (state discontinued medical care, accommodations); Doc. 12, PageID 80 (tried to remove bullet, saw doctor for that issue but not others); Doc. 12, PageID 81 (did not receive treatment for skin disease, toe got infected)).

[6] (*See, e.g.*, Doc. 6-1, PageID 43; Doc. 12, PageID 68, 81).

[7] (*See, e.g.*, Doc. 8, PageID 57; Doc. 12, PageID 84).

alleged denial of access to the courts do not raise imminent danger concerns. The potential ADA/Rehabilitation Act claim—to the extent it can be ascertained—also entirely fails to articulate how Foster is currently in imminent danger of serious physical injury on that basis.[8]

With respect to Foster's reported "self surgery" in April 2022, where he tried to remove an "incapacitating bullet" that "move[d] vastly as a shark-size lump," the Undersigned notes that Foster did receive medical care following this incident, and does not appear to allege that additional medical care is needed for that issue or has been denied. (Doc. 1, PageID 7-8; Doc. 7, PageID 53-54; Doc. 12, PageID 80). Foster's concern appears to be that other, pre-existing pain issues are not also being addressed. (Doc. 1, Page 8; *see also* Doc. 12, PageID 80 ("I was told… I would see the Doctor, but my new also pre-existing issues, were not.")). He points to "the unbareable pain I endure daily," and "the potential of death as I go . . . untreated," but these allegations lack any further descriptive detail and are otherwise speculative. (Doc. 8, PageID 59 (citing Doc. 1, PageID 8-9)). *See also Foster v. O.D.R.C.*, No. 2:19-cv-1576, 2019 WL 3402488, at *1 (S.D. Ohio Apr. 30, 2019) (not finding imminent danger where Foster alleged "that he is 'in need of emergency treatment for [his] untreated disabilities of chronic pain, paralysis, skin disease, PTSD, arthritis, and brain damage, etc.'").

In a later filing, Foster includes a sentence asserting that his "toe got infected" and that a "skin disease" was not treated while he was held in segregation in July 2022, which caused pain, itching, and "agony." (Doc. 12, PageID 81). These allegations are also too vague to allow the Undersigned to draw a reasonable inference that Foster faced an imminent threat of serious

---

[8] This Court previously rejected Foster's claims of imminent danger based on an allegation that "he has been denied access to a wheelchair and that the prison facility is not ADA compliant." *Foster v. Ohio Dep't of Rehab. & Corr.*, No. 2:19-cv-1576, 2019 WL 2574235, at *3 (S.D. Ohio June 24, 2019). *See also Foster v. Ohio*, No. 3:15-cv-2256, 2016 WL 537475, at *3 (N.D. Ohio Feb. 11, 2016) (rejecting claim of imminent danger where Foster "provide[d] no information on his need for a handicapped accessible cell.").

7

physical injury when the case began. Finally, with respect to Foster's claim of retaliation concerning a July 25, 2022 "attack" he describes as an attempt "to provoke" him" and "to make [him] severely mentally ill," there are likewise insufficient facts pled to show the imminent danger of serious physical injury. (Doc. 12, PageID 82). *See Foster v. Ohio*, No. 3:15-cv-2256, 2016 WL 537475, at *3 (N.D. Ohio Feb. 11, 2016) (finding no imminent danger where Foster alleged that officers were trying to kill him based on incident where they pepper sprayed him: "he does not elaborate on who is trying to kill him, why they are trying to kill him, or how they are making these attempts.").

The Undersigned concludes that Foster has not shown that he is in imminent danger of serious physical injury with respect to any of the claims in the Combined Complaint. Because he has already accumulated three "strikes" and the imminent danger exception does not apply, Foster should be barred from proceeding in this matter *in forma pauperis*. The Undersigned accordingly **RECOMMENDS** that this Court **DENY** Foster's applications to proceed *in forma pauperis*. (Doc. 1, 4).

**Motions for Preliminary Injunction or Temporary Restraining Order (TRO)**

Foster has sought, or indicated that he will seek, a preliminary injunction. (*See* Doc. 6, 10, 14). It appears that an injunction is sought so that Foster has greater access to this Court. (*See* Doc. 6, PageID 37 ("I cannot continue or complete this Complaint until I first attain a preliminary injunction to get Court access in the First Place . . ."); Doc. 10, PageID 64 ("I ask this Court to allow me to file two preliminary injunction based requests' to get Court access using concise terms of Federal final rules."). The scope of this request (and the alleged lack of access) is not clear. It may be that this is a question of how the ODRC's legal mail policy is being applied. (*See* Doc. 14, PageID 95 (mail from state and federal courts "has, ongoing been

treated like regular mail")). Or, it may concern other issues. (*See* Doc. 6, PageID 38 (seeking a "judicial provision . . . to remove the threats imminently against, both, my life, and this actual litigation"). It may be a request to circumvent the three strikes analysis under § 1915(g). In short, it is not clear what Foster wants or why he wants it.

The Court must consider four factors when determining whether to grant injunctive relief: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "These factors are not prerequisites which must be met, but are interrelated considerations that must be balanced together." *Northeast Ohio Coal. for Homeless*, 467 F.3d at 1010 (quoting *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), abrogated on other gds. by *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No.

1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors,* 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Here, Foster's requests for a preliminary junction/TRO (Doc. 6, 10, 14) should be denied at this time. First, it is not clear that the case will proceed, given Foster's "strikes" and failure to show imminent danger. If the Court adopts this Report and Recommendation, and Foster pays the required fee, a renewed (and more detailed) request may be appropriate. But, Foster should not be permitted to circumvent the limitation in 28 U.S.C. § 1915(g) and obtain injunctive relief where he has failed to show he should be allowed to proceed.

Second, Foster has not alleged facts sufficient to warrant a preliminary injunction/TRO. He has made no attempt to apply the above factors to his situation and has not sufficiently explained what relief he seeks or why that relief is necessary here. His conclusory allegations of threats and references to the legal mail policy are insufficient. Moreover, Foster has not established a substantial likelihood of success on the merits of his claims or that he will suffer irreparable harm absent a preliminary injunction.

Accordingly, the Undersigned **RECOMMENDS** that the Court **DENY** at this time Foster's requests for injunctive relief. (Doc. 6, 10, 14).

**Summary and Conclusion**

The Undersigned **CONSTRUES** Docket Nos. 6, 7, 8, and 12 together as Foster's Combined Complaint, and **DIRECTS** the Clerk of Court to file it separately on the docket.

The Undersigned **RECOMMENDS** that this Court **DENY** Foster's applications to proceed *in forma pauperis* (Doc. 1, 4) and order him to pay the full $402 fee to commence this action within thirty days.

The Undersigned further **RECOMMENDS** that the Court **DENY** at this time Foster's motions for a preliminary injunction or TRO. (Doc. 6, 10, 14).

Should the District Judge adopt these recommendations, the Undersigned also **RECOMMENDS** that the Court find that any appeal in this matter would not be taken in good faith, and that Foster may not proceed on appeal *in forma pauperis*.

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

October 6, 2022                                          */s/ Caroline H. Gentry*
                                                                        CAROLINE H. GENTRY
                                                                        UNITED STATES MAGISTRATE JUDGE