IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FOSTER, : | |
| : | Case No. 2:22-cv-2153 |
| Plaintiff, : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Caroline H. Gentry |
| OHIO D.R.C., et al., : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

This matter is before the Court on Foster's Objection (ECF No. 16) to the Magistrate Judge's Report and Recommendation. (ECF No. 15). In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Foster's applications to proceed *in forma pauperis* (ECF Nos. 1, 4) on the grounds that Foster does not demonstrate the existence of an "imminent danger of serious physical injury" as required to do so under the three strikes provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)–(h). The Magistrate Judge similarly recommended the denial of Foster's requests for a preliminary injunction and a temporary restraining order (ECF Nos. 6, 10, 14) given the conclusion that he has failed to show that his case should be allowed to proceed at all.

For the reasons set forth below, the Report & Recommendation (ECF No. 15) is **ADOPTED in PART** and **REJECTED in PART**. Foster's Objection (ECF No. 16) is **SUSTAINED in PART and OVERRULED in PART**. Consequently, Foster is **ORDERED** to submit, within thirty (30) days of the date of this Order, the required $402 filing fee or a copy of his certified trust fund statement; if he fails to do so, this case shall be **DISMISSED** for want of

1

prosecution. Foster's Motion for Adding Character and Fitness (ECF No. 17) and his Motion for Measures and PLRA Removal (ECF No. 18) are **DENIED AS MOOT**.

### I. BACKGROUND

Plaintiff Christopher Foster, proceeding *pro se*, is an inmate at the Toledo Correctional Institute. On May 11, 2022, Foster filed his Motion to File I.F.P. Status before this Court. (ECF No. 1). Seeking to proceed *in forma pauperis* while subject to the requirements of the PLRA, Foster asserted that he was in imminent danger of serious harm. (*Id.*).

Foster made the following allegations supporting his assertion. On April 19, 2022, Foster felt one of the bullets that had been lodged near his heart from a previous police shooting begin to move. (*Id.* at 6). Foster knew, from previous experiences with prison medical staff, that he would not be treated. (*Id.* at 6–7). Foster further maintains that he was forced to remove personally a bullet near his heart because prison medical staff allegedly refused to do so. (*Id.* at 7). Foster alleges that prison medical staff told him he would be put through surgery and that his chronic pain would be revisited "again in a week," but neither occurred. (*Id.* at 9). Foster also suffers from chronic neuropathy, which prison medical staff refuse to treat. (*Id.*). Foster claims he has been denied use of the grievance process and has no ability to access his medical records. (*Id.*). Foster also alleges that medical staff have taken him off treatment for his medical illness. (ECF No. 8 at 3).

On July 28, 2022, Foster filed his Complaint against Defendants "Ohio Prison," "Ohio Police," "Congress," and the "Justice Department." (ECF No. 8). Foster's complaint adds the allegations that the "State" and other unidentified entities have erected barriers blocking his access to the courts via the prison's mail system. (*Id.* at 2). Foster has filed a litany of other motions, including a motion for preliminary injunction (ECF No. 6), which are summarized in the Magistrate Judge's Report and Recommendation. (*See* ECF No. 15 at 4–5).

On October 6, 2022, the Magistrate Judge issued her Report and Recommendation, recommending the denial of Foster's applications to proceed *in forma pauperis* (ECF Nos. 1,4) and his motions for a preliminary injunction or a temporary restraining order (ECF Nos. 6, 10, 14). (ECF No. 15 at 11). The Report and Recommendation noted that Foster was subject to the PLRA's three-strikes provision granted that he has filed at least three actions that have been dismissed as meritless. (*Id*. at 2). As such, the Magistrate Judge noted, none of Foster's several allegations demonstrated the "imminent danger of serious injury" required to permit him to proceed *in forma pauperis* under the PLRA's three strikes provision. (*Id.* at 8).

The Magistrate Judge reasoned that Foster received medical care following his "self-surgery" and did not allege any need for further medical care. (*Id.* at 7). She also found that Foster's allegations concerning lack of treatment for his previous, unaddressed pain issues were too vague and speculative. (*Id.*). Foster's additional claims that he had both sustained an infection while being held in segregation and been attacked by prison guards in July 2022 were dismissed by the Magistrate Judge as insufficiently vague. (*Id.* at 8). Concerning Foster's preliminary injunction motion based on his alleged lack of access to legal mail, the Magistrate Judge recommended dismissal because Foster failed to meet his burden to proceed in this case and, on the merits, failed to argue facts that would warrant relief. (*Id.* at 10). Foster filed timely his Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 16).

## II.     STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report & Recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review, the district judge

3

"may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

*Pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (internal citation omitted). This standard also applies to "additional allegations set forth in objections to the magistrate judge's R&R at the discretion of the district court." *Id*. It is nonetheless true that "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, "[w]here . . . a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id.*

As recognized by the Sixth Circuit, "[t]he literal language of . . . the PLRA forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if the litigant has, on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998). An exception exists, however, if the prisoner can make a showing that they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At the pleading stage, the movant must "only assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage in the litigation." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012). The imminent danger must "be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). To satisfy this burden, a plaintiff must "show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) (alterations in original) (quoting *Taylor v. First Med.*

4

*Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Those allegations, however, cannot be "conclusory, ridiculous, or clearly baseless." *Id.*

### III. LAW AND ANALYSIS

Foster's Objection is minimally responsive to the Report and Recommendation. Much of the Objection comprises assertions that several of the Department of Justice's activities are unconstitutional or otherwise unlawful. (*See id.* at 6, 8, 11). Foster also alleges that prison medical staff have continued withholding medical care and have told him that he will not receive medical care until he either wins or dismisses this lawsuit. (*Id.* at 7). To the extent that he does respond to the Report and Recommendation, Foster appears to request a reconsideration of the conclusion that his allegations do not constitute an imminent danger of serious injury. Foster also points to new injuries that have allegedly developed since he filed his applications to proceed *in forma pauperis*.

### A. Foster's Motion to Proceed *in forma pauperis*

The Report and Recommendation concluded that Foster's allegations concerning his injuries fail to constitute the existence of an imminent danger of serious injury either on the merits or because they lack "further descriptive detail and [are] otherwise speculative." (ECF No. 15 at 7). Foster's Objection addresses the Report and Recommendation largely to the extent that it concludes that Foster failed to demonstrate the existence of an imminent danger of serious injury which would permit him to proceed *in forma pauperis* despite the PLRA's three strikes provision. On this point, Foster's Objection reasserts his earlier argument that the prison medical staff's inability to treat his chronic pain (caused in part by his neuropathy) places him under imminent danger of serious physical injury. (ECF No. 16 at 7). Foster also identifies a new injury in the form of ear pain and an inability to hear out of it that arose after he filed his applications to proceed *in*

5

*forma pauperis*. (ECF No. 16 at 7). Foster claims that the inadequate medical care that he is being provided "could cause death if not treated, or other injury." (*Id.*).

The Sixth Circuit has recognized that, "for the purposes of § 1915(g), an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated." *Vandiver*, 727 F.3d 580, 587 (6th Cir. 2013). In so doing, the *Vandiver* Court rejected the notion that § 1915(g) "allows us to grant IFP status only after a plaintiff's condition has deteriorated such that the next instance of maltreatment would result in a serious physical injury." *Id*.

Foster alleges that he suffers from multiple conditions which place him under imminent danger of serious physical injury. As an initial point, Foster's new ear injury cannot qualify as an imminent injury because it was not in existence when Foster filed his complaint and motion for IFP status. *See Pointer v. Wilkinson,* 502 F.3d 369, 371 n.1 (6th Cir. 2007) (explaining that the imminent danger exception requires that the danger exist at the time the complaint is filed). As the Report and Recommendation noted, Foster's allegations concerning the bullets lodged in his body do not constitute imminent danger because he already removed several bullets, and the allegations that the remaining bullets will cause harm is speculative. As the Report and Recommendation concluded, Foster's allegations that he was attacked by prison guards in an act of retaliation do not constitute immediate harm because he does not suggest that the retaliation is likely to reoccur. Foster's later allegations that he suffered a toe infection and another unidentified skin disease similarly fail because, as the Magistrate Judge reasoned, the allegations are too vague and concern injuries that occurred after the complaint and motion were filed.

Finally, this Court arrives at Foster's allegation that the prison medical staff have left untreated his chronic pain conditions, which include neuropathy. Specifically, Foster maintains

6

that he is not receiving the medication he requires to manage the pain that these conditions cause him. (ECF No. 1 at 9; ECF No. 16 at 7). Allegations from an inmate that he is being refused adequate pain medication for his severe pain condition have been held sufficient to constitute an imminent threat of serious physical injury. *See, e.g., Vandiver*, 727 F.3d at 582 (recognizing that plaintiff demonstrated imminent danger where he was an inmate who was not receiving adequate pain medication after surgery for complications resulting from Hepatis C and diabetes); *Freeman v. Collins*, No. 2:08-cv-00071, 2011 U.S. Dist. LEXIS 145723, at *12–13 (S.D. Ohio Dec. 19, 2011) (concluding that plaintiff demonstrated the presence of immediate danger where he alleged that prison medical staff refused to give him the prescribed medicine for his severe and chronic pain to various parts of his body including his neck, chest, throat, and shoulder); *Hamby v. Parker*, 307 F. Supp. 3d 822, 826 (M.D. Tenn. 2018) (holding that inmate satisfied his burden for imminent danger of serious physical injury where he alleged that prison personnel refused any medical treatment or medication for his "severe neuropathy").

This Court finds that Foster's allegations that prison medical staff have refused him treatment for his chronic pain conditions are sufficient to make a showing that he is "under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g). Notwithstanding this conclusion, however, Foster's applications to proceed *in forma pauperis* cannot proceed at this time. In the Deficiency Order issued by this Court on June 9, 2022, Foster was ordered to submit within thirty days "an Application and Affidavit to proceed in forma pauperis and a copy of his certified trust fund statement." (ECF No. 2 at 2). The Deficiency Order cautioned Foster that his failure to comply would result in this Court dismissing the case for want of prosecution. (*Id.*).

This Court will provide Foster a last opportunity to comply. Foster is hereby **ORDERED** to submit, within thirty (30) days of the date of this Order, either the required $402 filing fee given

7

that he has already filed his complaint, or alternatively, a copy of his certified trust fund statement given that he has already filed his Application and Affidavit to proceed *in forma pauperis*. If Foster fails to do so, the Court shall dismiss this case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997). If the case is dismissed for failure to comply with this Order, it will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id.*

### B. Foster's Remaining Motions

The Report and Recommendation also recommends the dismissal of Foster's construed Motions for Preliminary Injunction/Temporary Restraining Order. (ECF Nos. 6, 10, 14). Underlying the Magistrate Judge's conclusion were the following observations: (1) the Report and Recommendation recommended dismissal of the case in its entirety; (2) Foster failed to argue that any of the factors warranting a preliminary injunction or temporary retraining order are present; and (3) Foster's allegations that he received threats from prison staff and that his legal mail was being interfered with were vague and conclusory.

Little of Foster's Objection is responsive to the Report and Recommendation on this issue. Foster's Objection instead asserts that he should be allowed to argue these motions in court. (ECF No. 16 at 5). Foster also makes several unrelated allegations against the prison system, the Department of Justice, and Congress for their alleged mistreatment of prisoners. Foster finally contends, without further detail, that he will be unable to proceed with this litigation absent court intervention.

This Court has reviewed *de novo* the Report and Recommendation as it relates to Foster's objections concerning these motions and finds it to be correct in all respects. Foster's Objection fails substantively to address the Report and Recommendation with respect to these motions;

8

instead, the Objection simply reiterates his underlying grounds for relief. Consequently, Foster's objections with respect to these motions are overruled. *See Frazier v. Woods*, No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) (holding that, "[b]ecause [plaintiff's] objections did not specifically address the magistrate judge's findings or conclusions, [he] has arguably waived further review of his . . . claims."). Foster's Motions for Preliminary Injunction/Temporary Restraining Order (ECF Nos. 6, 10, 14) are therefore **DENIED**.

Notwithstanding the motions which this Order has so far addressed, Foster has several more outstanding: his Motion for Adding Character and Fitness (ECF No. 17) and his Motion for Measures and PLRA Removal (ECF No. 18). These motions are largely duplicative of his applications to proceed *in forma pauperis* and either improperly make additional allegations not present in his complaint or merely make additional argument that he should be exempt from the three strikes provision of the PLRA. Because the instant Order addresses Foster's arguments that his circumstances justify an exception to the PLRA, these motions (ECF Nos. 5, 17, 18) are **DENIED AS MOOT**.

## IV. CONCLUSION

For the above-mentioned reasons, the Magistrate Judge's Report & Recommendation (ECF No. 15) is **ADOPTED in PART** and **REJECTED in Part**. Foster's Objection (ECF No. 16) is **SUSTAINED in PART and OVERRULED in PART**. As such, this Court holds the following:

1. Foster's Motions for Preliminary Injunction/Temporary Restraining Order (ECF Nos. 6, 10, 14) are **DENIED**;
2. Foster's Motion for Adding Character and Fitness (ECF No. 17) is **DENIED AS MOOT**;
3. Foster's Motion for Measures and PLRA Removal (ECF No. 18) is **DENIED AS MOOT**; and

4.  Foster is **ORDERED** to submit, within thirty (30) days of the date of this Order, either the required $402 filing fee or a copy of his certified trust fund statement. If he fails to do so, Foster's applications to proceed *in forma pauperis* (ECF Nos. 1, 4) will be **DENIED** and this case shall be **DISMISSED** for want of prosecution.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　／s／ *Algenon L. Marbley*
　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 13, 2023**