**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:22-cv-2153 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| OHIO D.R.C., ET AL., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff, Christopher Foster, is currently incarcerated in an Ohio prison.  He is seeking

this Court's permission to proceed in this case *in forma pauperis* and without prepaying the

filing fees.  (*See* Doc. 1, 4).

As has already been discussed in this case, Plaintiff's ability to proceed *in forma pauperis*

is limited by the "three strikes" provision of the Prison Litigation Reform Act of 1995 (PLRA),

28 U.S.C. § 1915(a)-(h).

> As recognized by the Sixth Circuit, "[t]he literal language of . . . the PLRA forbids
> almost all attempts by indigent prisoners to gain access to the federal courts in civil
> actions if the litigant has, on three prior occasions, had a case dismissed as
> frivolous, malicious, or for failure to state a claim upon which relief may be
> granted." *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998). An exception exists,
> however, if the prisoner can make a showing that they are "under imminent danger
> of serious physical injury." 28 U.S.C. § 1915(g).

(Opinion & Order, Doc. 23, PageID 180).  Because Plaintiff has already accrued three strikes, he

must allege he is under imminent danger of serious physical injury to be considered for *in forma*

*pauperis* status.  (*See* Report and Recommendation, Doc. 15, PageID 102-103).

On February 13, 2023, this Court concluded that one of Plaintiff's allegations satisfied this exception. (Doc. 23). This Court said:

> This Court finds that Foster's allegations that prison medical staff have refused him treatment for his chronic pain conditions are sufficient to make a showing that he is "under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g). Notwithstanding this conclusion, however, Foster's applications to proceed *in forma pauperis* cannot proceed at this time. In the Deficiency Order issued by this Court on June 9, 2022, Foster was ordered to submit within thirty days "an Application and Affidavit to proceed *in forma pauperis* and a copy of his certified trust fund statement." (ECF No. 2 at 2). The Deficiency Order cautioned Foster that his failure to comply would result in this Court dismissing the case for want of prosecution. (*Id.*).
>
> This Court will provide Foster a last opportunity to comply. Foster is hereby **ORDERED** to submit, within thirty (30) days of the date of this Order, either the required $402 filing fee given that he has already filed his complaint, or alternatively, a copy of his certified trust fund statement given that he has already filed his Application and Affidavit to proceed *in forma pauperis*. If Foster fails to do so, the Court shall dismiss this case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997). If the case is dismissed for failure to comply with this Order, it will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id.*

(Doc. 23, PageID 183-184).

To date, Plaintiff has not paid the filing fees or submitted a certified copy of his trust fund statement. Since the Court's Order, he has submitted several other filings, including:

- "Prophylactic Measures – Request" (Doc. 24) – discussing discrimination on the basis of race;

- "42USCS12101(B)(1) Retaliation Increase" (Doc. 25) – discussing proceedings in his separate habeas corpus matter pending in Case No. 2:23-cv-4433 and the prison's response to it, including an alleged threat to him;

- "Corrected Danger Increase / Fee Request" (Doc. 26) – discussing the ADA and Plaintiff's inability to receive information from the prison,[1] criticizing action

---

[1] Plaintiff says:
> I cannot do anything without the grievance process, but with it, I would have sent to the Cashier Office with a request for a certified trust fund copy and had a copy of it sent back in time to send it to [this] Court[.] . . . [But] This is one of the services the facility provides that I have made clear has been unusable for me since more than two years, no matter what reason, including, especially about ADA terms.

(Doc. 26, PageID 203).

taken in his habeas corpus case, and asking that this Court direct the prison to send his account statement to the Court;

• "Return 28USCS636(B)(3) Emergency" (Doc. 27) – asking this court to start a new habeas corpus action for him, because he has had to dismiss the earlier one due to retaliation and threats;

• "Certified Account Balance" (Doc. 28) – asserting that he cannot get a certified trust fund account statement from the prison. (This document is not a certified trust fund account statement that satisfies the PLRA.)

• "Anew Motion for Expedited Relief" (Doc. 29) – discussing retaliation, a visit from Department of Justice personnel, and requesting a telephone conference, among other things.

These filings cover a number of issues; two are immediately relevant.

First, Plaintiff's comments about the actions of the Magistrate Judge to whom Plaintiff's separate habeas corpus action is referred should not be filed in this case. Requests or motions concerning Case No. 2:23-cv-433 must be filed in Case No. 2:23-cv-433. Plaintiff is **ORDERED** to stop filing such documents in this case. Further improper filings about Plaintiff's habeas corpus action (or seeking to institute a new habeas corpus action) will be stricken from the docket of this case. Plaintiff's request to begin a new habeas corpus case due to his dissatisfaction with how Case No. 2:23-cv-433 is proceeding is **DENIED**. (Doc. 27).

Second, with respect to Plaintiff's pending Application to proceed *in forma pauperis*, it is not clear how Plaintiff seeks to proceed here, given his allegation of retaliation by the Cashier of Toledo Correctional Institution. Plaintiff alleges that he was threatened because this Court directed that a copy of an order be sent to the Cashier. (*See* Doc. 25, 26, 27). On the one hand, Plaintiff is concerned that this Court communicated with the Cashier about his prisoner trust account statement. (*Id*.). On the other hand, Plaintiff specifically asks this Court to "direct the account statement be sent to this Court by the facility without further delay." (Doc. 26, PageID 210). But such a direction, if appropriate, would likely go to the Cashier, as the Cashier is the

person from whom a prisoner trust account statement is obtained.  *See* 28 U.S.C. § 1915(a)(2) (a

prisoner must "submit a certified copy of the trust fund account statement (or institutional

equivalent) . . . obtained from the appropriate official of each prison at which the prisoner is or

was confined.").

Given this ambiguity, the undersigned will **GRANT** Plaintiff an extension of time to

comply with this Court's February 13, 2023 Order.  (Doc. 23).  A copy of Plaintiff's certified

trust fund statement, or the $402 filing fee, must be filed **WITHIN THIRTY DAYS** of this

Order.  If Plaintiff files a motion to direct the Cashier of Toledo Correctional Institution or

another prison official to provide the statement, the Court will consider it at that time.

**IT IS SO ORDERED.**


March 16, 2023                                                      */s/ Caroline H. Gentry*
                                                                   CAROLINE H. GENTRY
                                                                   UNITED STATES MAGISTRATE JUDGE