UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| CHRISTOPHER FOSTER, : | Case No. 2:22-cv-2153 |
| Plaintiff, : | |
| vs. : | Chief Judge Algenon L. Marbley |
| : | Magistrate Judge Caroline H. Gentry |
| OHIO D.R.C., ET AL., : | |
| Defendants. : | |

# ORDER

Plaintiff, Christopher Foster, is currently incarcerated in an Ohio prison. He has been ordered to pay the full filing fee for this action or provide the Court with a certified copy of his trust fund statement so that the Court can resolve his request to proceed *in forma pauperis*. (Doc. 23). *See* 28 U.S.C. § 1915(a)(2).[1]

Plaintiff has alleged that he cannot access the prison procedure by which an inmate obtains a certified trust fund statement at Toledo Correctional Institution. (*See, e.g.,* Doc. 26, PageID 202-203; Doc. 28, PageID 231). On March 16, 2023, the Court granted Plaintiff additional time to comply with the Order and indicated that "[i]f Plaintiff files a motion to direct the Cashier of Toledo Correctional Institution or another prison official to provide the statement, the Court will consider it at that time." (Doc. 30, PageID 256).

---

[1] This part of the statute provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Plaintiff thereafter submitted a "Motion for This Court to Enforce," which was received by the Clerk of Court and docketed on March 22, 2023. (Doc. 32). Among other things, Plaintiff asks this Court "to enforce" the following:

> That regarding 28CFR35.107(A) and 28CFR35.106, a responsible [prison employee] give the Court notice about my accounting terms as this Court deems necessary, because, I, am, interested in this way of service, after, I have no access to a way of doing this or anything else independently due to a vast non-compliance, caused solely by these Defendant(s) without my help; thus, in light of 28CFR35.106, make the account information available to the Court . . .

(Doc. 32, PageID 271) (brackets in original).[2]

The Court **CONSTRUES** this request as a motion to direct the Cashier to provide Plaintiff's prisoner trust fund statement. The Court **GRANTS** the Motion (Doc. 32) to this extent and **DENIES** it to the extent it asks the Court to waive the filing fee or grant other relief. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) (holding that prisoners must pay the filing fees even if granted pauper status, as they "are no longer entitled to a waiver of fees and costs.").

---

[2] Neither of the cited regulations appear to deal with this exact issue. 28 C.F.R. § 35.107, entitled "Designation of responsible employee and adoption of grievance procedures," provides:

> (a) Designation of responsible employee. A public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities under this part, including any investigation of any complaint communicated to it alleging its noncompliance with this part or alleging any actions that would be prohibited by this part. The public entity shall make available to all interested individuals the name, office address, and telephone number of the employee or employees designated pursuant to this paragraph.

28 C.F.R. § 35.106, entitled "Notice," provides:

> A public entity shall make available to applicants, participants, beneficiaries, and other interested persons information regarding the provisions of this part and its applicability to the services, programs, or activities of the public entity, and make such information available to them in such manner as the head of the entity finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

These regulations appear in Part 35 of the Code of Federal Regulations, which is entitled "Nondiscrimination on the Basis of Disability in State and Local Government Services." The cited regulations do not specifically address inmate trust funds or trust fund statements.

A certified copy of the trust fund statement is to be "obtained from the appropriate official" at a prison. 28 U.S.C. § 1915(a)(2). Generally, that official is the institutional cashier. *See Gerald v. Mohr*, No. 1:19-cv-754 (S.D. Ohio, Oct. 21, 2019) (Doc. 4) (ordering the cashier of the prison at which the plaintiff was confined to release the trust fund statement to the plaintiff or submit it to the Court). The Cashier of Toledo Correctional Institution is therefore **DIRECTED** to forward to this Court a certified copy of Plaintiff's trust fund statement under 28 U.S.C. § 1915(a)(2). S*ee Thorpe v. Muskingum Cnty. Jail, Ohio*, No. 2:22-cv-2110, 2022 WL 3446354, at *1 (S.D. Ohio Aug. 17, 2022), *report and recommendation adopted*, 2022 WL 16535655 (S.D. Ohio Oct. 28, 2022) (noting that this Court had ordered "the Muskingum County Sheriff to ensure that the Jail Cashier processed Thorpe's request for a signed and certified copy of his trust fund account statement within fourteen days, or to show cause why jail officials have failed to do so."). The Cashier (or other prison official) shall file the certified trust fund statement in this Court **within fourteen days** of the date of this Order.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Cashier of Toledo Correctional Institution, along with a blank copy of PAGE 8 of the "Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees" used in this Court.

**IT IS SO ORDERED.**

April 3, 2023                                                     */s/ Caroline H. Gentry*
                                                                               CAROLINE H. GENTRY
                                                                               UNITED STATES MAGISTRATE JUDGE