IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER FOSTER,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 2:22-cv-02153 |
| v. : | |
| : | Judge Algenon L. Marbley |
| **OHIO DEPARTMENT OF** : | Magistrate Judge Caroline H. Gentry |
| **REHABILITATION AND CORRECTION,** : | |
| et al., : | |
| : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 53) that this Court dismiss Plaintiff Christopher Foster's *pro se* action (ECF No. 42) and Plaintiff's Objections thereto (ECF No. 58), and Plaintiff's Motion to Stay, Motion for Temporary Restraining order (ECF No. 61) and Plaintiff's Motion to Add to Doc. 61 (ECF No. 62). Upon independent review, and for the reasons stated below, this Court **OVERRULES** Plaintiff's Objections**, ADOPTS** the R&R, **DENIES** Plaintiff's Motion to Stay, Motion for Temporary Restraining Order (ECF No. 61) and **DENIES** Plaintiff's Motion to Add to Doc. 61 (ECF No. 62).

### I.   BACKGROUND

Plaintiff is a prisoner currently incarcerated at the Northeast Ohio Correctional Center. (ECF. No. 53 at 1). Plaintiff has accumulated at least three strikes under the Prison Litigation Reform Act of 1995 ("PLRA") and may only proceed *in forma pauperis* if he alleges an "imminent danger of serious physical injury." 28 U.S.C. § 1915, 28 U.S.C. § 1915(g).

Plaintiff brings claims against the Ohio Department of Rehabilitation and Correction ("ODRC"), and against Congress under a section of the Americans with Disabilities Act ("ADA") that requires nondiscrimination in federal grants and programs as well as certain implementing regulations (29 U.S.C. § 794(d)). (ECF No. 42).[1] Plaintiff asserts both a statutory claim for disability discrimination under Title II of the ADA, 42 U.S.C.§ 12132, and a constitutional claim for disability discrimination under 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. (ECF No. 53 at 12, ECF No. 42 at 5).

Plaintiff challenges the lawfulness of Congress's delegation of authority to the Department of Justice to promulgate regulations implementing the ADA's nondiscrimination provision. (ECF No. 42 at 3-6). He challenges the Attorney General's issuance and amendment of such regulations. (*Id.*) Plaintiff asserts that the DOJ and other entities have a policy of failing to train officials about the mandatory interactive complaint process. (*Id*. at 4.) Plaintiff claims that Congress has denied him that interactive process for more than five years. (*Id*. at 6.) He asserts that "Congress officials are liable for the Attorney General of 2010 deleting the interactive process mandate, and it needs to be returned." (*Id*. at 15.).

Plaintiff asserts that the "[ODRC] must come into compliance with the Sixth Circuit's . . . requirements about legal mail." (ECF No. 42 at 16). Plaintiff also challenges the "denial of court access from 2011 through 2023," presumably because of the PLRA three-strikes rule. (*Id.* at 17.).

---

[1] Plaintiff appears to dismiss Defendants "CoreCivic Police & DOJ" in his Motion Dismissing CoreCivic Police DOJ. (ECF No. 81). This Court assumes Plaintiff is voluntarily dismissing his claims against CoreCivic, the Cincinnati Police Department and the U.S. Attorney General and will not address claims against those Defendants. This Court briefly addresses the actions against Congress made in Plaintiff's Second Amended Complaint (ECF No. 42), but notes that it is unclear from Plaintiff's Motion Dismissing CoreCivic Police DOJ (ECF No. 81) whether he is still pursuing his claims against Congress. This Court will not consider the merits or allegations in Plaintiff's Motion Dismissing CoreCivic Police DOJ (ECF No. 81), as the Magistrate Judge is conducting the required initial screening (ECF No. 70) of Plaintiff's Third Amended Complaint (ECF No. 60) and has ordered Plaintiff to cease filing motions in this action. (ECF No. 70).

## II. PROCEDURAL BACKGROUND

On June 11, 2022, Plaintiff initiated this action by filing a motion to proceed *in forma pauperis*. (ECF No. 1). On June 16, 2023, the Magistrate Judge issued an order allowing Plaintiff to proceed *in forma pauperis*. (ECF No. 40). Plaintiff was ordered to cease filling documents, other than the Second Amended Complaint, until the Magistrate Judge was able to complete the required initial screening. (ECF No. 41).

Plaintiff filed a Second Amended Complaint on June 26, 2023. (ECF No. 42). On July 25, 2024, the Magistrate Judge issued an R&R. (ECF No. 53). The R&R recommended dismissal of Plaintiff's 1983 claims with prejudice, and all other claims to be dismissed without prejudice. (*Id.* at 2). The Magistrate Judge recommended that Plaintiff be given a final opportunity to plead claims that have a nexus to the claimed imminent danger of serious physical injury, are asserted against the proper defendants, and which contain factual allegations sufficient to state a claim for relief. (*Id*. at 18). Plaintiff requested an extension of time to file his objections (ECF No. 57), which was granted. (ECF No. 59). Plaintiff filed an initial Objection to the R&R on August 14, 2024. (ECF No. 58). Plaintiff then filed a Third Amended Complaint on August 20, 2024. (ECF No. 60). Plaintiff continued to file other motions (ECF NoS. 61, 62, 63, 64). At this point, this Court will only address and rule on Plaintiff's August 28, 2024 Motion to Stay, Motion for Temporary Restraining Order (ECF No. 61) and Plaintiff's September 5, 2024 Motion to Add to Doc. 61 (ECF No. 62).

Between September 9, 2024 and October 30, 2024, Plaintiff filed more motions. (ECF No. 63-69). On November 5, 2024, the Magistrate Judge ordered Plaintiff to cease filing documents until the court had considered Plaintiff's Third Amended Complaint (ECF No. 60). (ECF No. 70).

Despite the Magistrate Judge's order, Plaintiff continued to file motions. (ECF Nos. 72, 74, 75, 77, 81, 82).

### III. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed .R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) ("The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law." (citations omitted)). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### IV. LAW & ANALYSIS

This Court first addresses the recommendations made by the Magistrate Judge in the R&R (ECF No. 53) and Plaintiff's Objections to the R&R. (ECF No. 58).

4

In screening Plaintiff's Second Amended Complaint, the Magistrate Judge found that Plaintiff had failed to establish the existence of imminent danger at the time the action was filed. (ECF No. 53 at 13). The Magistrate Judge recommended that Plaintiff be given another chance to describe sufficiently what chronic pain was left untreated, how treatment was denied, and how that denial led to imminent danger of serious physical injury. (*Id.* at 10). The Magistrate Judge also noted that Plaintiff's claims failed to establish a nexus between the alleged imminent danger he was allowed to proceed on, which was the lack of treatment for chronic pain, and defendant's conduct. (ECF No. 53 at 13).

As noted previously, a prisoner who has had three previous lawsuits dismissed as frivolous, malicious, or for failure to state a claim, may not bring a further civil action unless the "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is known colloquially as the "three-strike rule." The "imminent danger" exception is essentially a pleading requirement subject to the ordinary principles of notice pleading. *See Vandiver v. Prison Health Services, Inc.* 727 F.3d 580, 585 (6th Cir. 2013). To satisfy this pleading standard, "[a] plaintiff must ... allege facts from which a court, informed by judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed a complaint." *Id.* To raise a plausible claim of imminent danger, "the threat of prison condition must be real and proximate; and the danger must result in serious physical injury." *Id.*

This Court agrees with the Magistrate Judge's recommendation (ECF No. 53) that Plaintiff has not established an imminent danger in his Second Amended Complaint. (ECF No. 42). After an independent review, this Court finds that Plaintiff's Objection to the R&R (ECF No. 58) also did not establish that he is in imminent danger of serious physical injury.

5

Plaintiff has not shown why he would be in "danger of more serious afflictions if he is not treated" for his chronic pain. *See Vandiver,* 727 F.3d at 586 (internal citations omitted). Plaintiff has only made the general allegation that "death" will occur, without explaining why or from what injury this serious outcome would result. (ECF No. 58 at 11).

This Court also agrees that Plaintiff has failed to establish a nexus between his allegations and the physical injury on which he was allowed to proceed *in forma* pauperis. As the Magistrate Judge correctly noted, "a prisoner who is proceeding *in forma pauperis* under the Section 1915(g) imminent danger exception is limited to asserting claims that have a nexus to the claimed serious physical injury." (ECF No. 53 at 4-5). Plaintiff's general allegation that he is in "imminent danger" because he cannot obtain the "necessary accommodations" fails to establish a nexus between his ADA claims and his lack of treatment for chronic pain. (ECF No. 58 at 8).

Plaintiff's other allegations similarly do not have a nexus to the lack of medical treatment for chronic pain. The lack of "responsible personnel, under 28 CFR 35.107" (ECF No. 58 at 10), lack of access to Wifi (ECF No. 58 at 2), and the opening of his mail (ECF No. 58 at 1) do not explain how Plaintiff faces a physical "threat or prison condition" that would lead to actual serious physical harm. *See Rittner v. Kinder*, 290 Fed. App'x. 796, 797-798 (6th Cir. 2008) (finding that plaintiff was not in imminent danger because of insufficient access to the law library, or when he faced threats that did not constitute a threat of physical injury).

Plaintiff has failed to demonstrate in his Second Amended Complaint (ECF No. 42) or in his Objection (ECF No. 58) that his circumstances qualify for the statutory exception of "imminent danger" under §1915(g). He also failed to establish a nexus between the injury the court allowed him to proceed on and any of his claims. Therefore, he may not proceed *in forma pauperis* and his action is dismissed. This Court, however, agrees with the Magistrate Judge that Plaintiff should be

6

given a final opportunity to allege imminent danger and nexus, and dismisses the above claims without prejudice.

This Court also agrees with the Magistrate Judge that Plaintiff has failed to state a claim for relief under the ADA against ODRC or Congress in his Second Amended Complaint (ECF No. 42). (ECF No. 53 at 13-16). Nothing in Plaintiff's Objection (ECF No. 58) makes a specific objection to this part of the Magistrate's R&R. A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The onus is on the objecting party "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted).

In his Objection (ECF No. 58) Plaintiff only alleges that he is "being singled out … as the only person with an obvious neurological disability" and has been "denied benefits" by Congress and ODRC. (ECF No. 58 at 2, 7). But Plaintiff still has not clearly articulated the nature of his disability, what disability provides the basis of claims, or how he has been discriminated against. This Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim under the ADA, as Plaintiff does not allege sufficient facts to show either intentional discrimination or failure to provide reasonable accommodation, and Plaintiff has not shown a nexus between his ADA claim and the claimed imminent danger of physical injury (lack of medical treatment). This Court therefore dismisses Plaintiff's ADA claims against Congress and ODRC without prejudice.

This Court concurs with, and finds no credible objection to, the Magistrate Judge's recommended dismissal with prejudice of Plaintiff's Section 1983 claims against Congress and ODRC. (ECF No. 53 at 16-17). Neither Congress nor ODRC is a proper defendant to a Section

1983 claim. *See Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); *Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."). This Court thus dismisses with prejudice Plaintiff's Section 1983 claims.

Next, this Court addresses Plaintiff's Motion to Stay and for Temporary Restraining Order. (ECF No. 61), and his Motion to Add to Doc. 61. (ECF No. 62). Plaintiff asks this Court for a "stay of all proceedings … to last until [Plaintiff] [notifies] the Court of [his] arrival to [a different facility]." (ECF No. 61). Plaintiff alleges that he must stay in "the hole" where he has access to wifi (and thus the ability to respond to the court with law library access), rather than return to an inaccessible cell, where he has already fallen once and which does not have Wi-Fi. (*Id*. at 3-4). Plaintiff claims he has been "punished" for his refusal to leave the hole. (*Id*. at 5). Plaintiff asks this Court to move him to another facility which has available "ADA cells." (*Id*. at 6).

A temporary restraining order ("TRO") is an emergency measure. *Hartman v. Acton*, 613 F. Supp. 3d 1015, 1021 (S.D. Ohio 2020). Federal Rule of Civil Procedure 65(b) requires the Court to examine, on a TRO application, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order is meant "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Dow Chemical Co. v. Blum*, 469 F. Supp. 892, 901 (E.D. Mich. 1979).

"To obtain temporary injunctive relief, it is of paramount importance that the party establish immediacy and irreparability of injury." *Hartman*, 613 F. Supp. 3d at 1022; *see, e.g., Women's Med. Prof'l Corp. v. Baird*, No. 03-CV-162, 2008 WL 545015, at *1–2 (S.D. Ohio Feb.

27, 2008) (focusing on the irreparability and immediacy of harm before ruling on motion for TRO); *ApplianceSmart, Inc. v. DeMatteo*, 2018 WL 6727094, at *2 (S.D. Ohio Dec. 21, 2018) ("[A]lthough some courts would examine [all] four factors required for issuance of a preliminary injunction, a focus on the irreparability and immediacy of harm is all that is required." (internal quotation marks and citation omitted)). The "burden of proving that the circumstances 'clearly demand' such an extraordinary remedy is a heavy one" since "[t]he party seeking the injunction must establish its case by clear and convincing evidence." *Marshall v. Ohio Univ.,* No. 2:15-CV-775, 2015 WL 1179955, at *4 (S.D. Ohio Mar. 13, 2015) (quoting *Overstreet v. Lexington-Fayette Urban County*, 305 F.3d 566, 573 (6th Cir. 2002)).

Plaintiff has not established his case for a TRO by clear and convincing evidence. Plaintiff asserts the conclusion that he needs this relief in order "not to die" but gives no specific factual allegations as to why this severe result would occur if he stayed in the hole. (ECF No. 61 at 11). Plaintiff does not allege in what way he would be punished or when he would punished for his refusal to leave the hole. Plaintiff has simply repeated the claims from his Second Amended Complaint (ECF No. 42) instead of making a "clear[] demand" for "such an extraordinary remedy." Plaintiff's failure to access the law library does not put him in danger of immediate and irreparable harm, and Plaintiff himself admits that he can keep access if he stays in the hole.

Plaintiff's Motion to Add to Doc. 61. (ECF No. 62) does not save his request for a TRO. Plaintiff alleges a past injury, that he became injured while using the toilet of the inaccessible cell, he does not allege how he faces an immediate and irreparable harm. (ECF No. 62 at 3). While this Court is sympathetic to Plaintiff's claims that he will have to go back to an inaccessible cell, Plaintiff has not pled enough specific facts to allow this Court to grant such an extraordinary remedy as a TRO.

This Court denies Plaintiff's Motion to Stay and for a Temporary Restraining Order (ECF No. 61) and to the extent Plaintiff's Motion to Add to Doc. 61 (ECF No. 62) also asks this Court for a TRO, it is likewise denied.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Objections (ECF No. 58) are **OVERRULED**, and this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 53) in its entirety. Plaintiff's Section 1983 claims are **DISMISSED** with prejudice, and Plaintiff's claims under Title II of the ADA are **DISMISSED** without prejudice. Plaintiff's Motion to Stay and for a Temporary Restraining Order (ECF No. 61) and Motion to Add (ECF No. 62) are also **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 25, 2025**